FILED
08 AUG -6 PM 12:05

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORP,          )<br>     Plaintiff,   )<br>                 )<br>vs                         )<br>                 )<br>INTELCOM, INC.  )<br>1335 Dublin Road, )<br>Suite 210-A             )<br>Columbus, OH 43215 )<br>                 )<br>     Defendant, ) | CASE NO. C 08-02334 SI<br><br>Judge: Honorable Susan Illston |

**REF: PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PRO PER RESPONSE TO COMPLAINT FILED BY CORPORATE DEFENDANT**

Now comes Defendant, INTELCOM, INC., by and through its president, and responds to Plaintiff's notice of motion and motion as follows:

### STATEMENTS OF FACTS

INTELCOM, INC. ("INTELCOM") filed a response in a timely manner to the Plaintiff's complaint for damages and injunctive relief against INTELCOM filed on May 6th, 2008, under 15 U.S.C. § 1114, 1125(A) (C). In its response, INTELCOM respectfully asked this honorable court to dismiss Plaintiff's complaint based on the fact that the complaint has no merit because:

a) The names INTELCOM, INC. and INTEL CORP. are not identical.
b) INTELCOM, INC. and INTEL CORP. do not make and/or sell identical products/services.
c) INTELCOM, INC trademark and INTEL CORP. trademarks are not identical.
d) INTEL CORP. failed to provide supporting documents of likelihood of intent.
e) INTEL CORP. failed to provide supporting documents of likelihood of confusion.

1

Plaintiff, INTEL CORP. based its complaint purely on allegations. All statements made by Plaintiff are of no merit, unfounded and speculative. For the above reasons, Defendant, INTELCOM, INC. respectfully asked this honorable court to dismiss Plaintiff's complaint based on Fed. R. Civ. P. 12(b)(6), where a claim may be dismissed when a Plaintiff fails to allege any set of facts in support of his claim which would entitled him to relief.

## DISCUSSIONS

The Federal Rule of Civil Procedure 12(f) used by Plaintiff is an attempt by Plaintiff to deviate from its failure, inability and incapability to provide supporting documents that INTELCOM has indeed violated 15 U.S.C. § 1114, 1125(A) (C) of infringement as stated above. Plaintiff is eager to be awarded relief but is unwilling to provide the facts to this honorable court to justify its relief claim. Defendant's response to Plaintiff's complaint (See Docket entry #12) is a sufficient defense and there is nothing redundant, immaterial, impertinent or scandalous.

California Civil Local Rule 3-9(b) states: " A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." It does not say "is required" nor "must" appear, which means that Civil L.R. 3-9(b) is not mandatory. In addition, California Civil Local Rule 3-9 (b) applies only to Attorneys who are not a member of this court (see California civil Local Rule 11-1(a)(b)). Mr. Tchankpa is not an outside Attorney to this court.

As a result, Mr. Tchankpa can file an answer on behalf of INTELCOM, INC. In addition, Mr. Tchankpa has full knowledge of INTELCOM, INC. regulatory activities since 1998 and is fully involved in all issues dealing with all regulatory aspects of INTELCOM, INC.

Defendant's response to Plaintiff's complaint is clear and straightforward under 15 U.S.C. § 1114, 1125(A) (C)  (See Docket Entry #12).

Plaintiff makes another reference to California Civil Local Rule 3-4 that contradicts Plaintiff previous arguments made using California Civil Local Rule 3-9(b).

This case is a federal case, filed in a United State Federal Court, not a state of California local court that operates under different jurisdictions, powers and laws. INTELCOM, INC. respectfully asks this honorable court to rule on this case using federal laws as Plaintiff filed this case in a federal court not a California local court. California Local Rule 3-4 is not required by federal laws.

This case is a civil case not a criminal case. INTELCOM did not commit a crime by legally incorporating and registering to transact business. INTELCOM is a small business and has several financials obligations towards its hard working employees and their families and cannot afford to pay several hundreds of thousands dollars in legal fees

2

because INTEL's corporate greed action to force INTELCOM out of business using its financial strength and intimidation.

Under Fed. R. Civ. P. 12(b)(6), the complaint's allegations are accepted as true, all reasonable inferences are drawn in the light most favorable to Plaintiff, and dismissal is appropriate only if it appears that Plaintiff cannot provide set of facts that would entitle him/her to relief (Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999)).

## CONCLUSION

The key issue in Plaintiff's complaint is infringement. Plaintiff wrongly accused Defendant for violating 15 U.S.C. § 1114, 1125(A) (C) and is asking for relief. Unfortunately, Plaintiff lacks set of facts in support of his claim which would entitled him to relief.

WHEREFORE, the Named Defendant, INTELCOM, INC. respectfully asks this honorable court to:
a) dismiss Plaintiff's notice of motion and motion to strike down Defendant's response;
b) move to dismiss in its entirely Plaintiff's complaint based on lack of standing (Fed. R. Civ. P. 12(b)(6)).

.

Respectfully submitted,

*[signature]*

KASSI E TCHANKPA
PRESIDENT
INTELCOM, INC.
1335 DUBLIN ROAD, SUITE 210-A
COLUMBUS, OHIO 43215

      **STATE OF OHIO**    )
                                   )   SS.
                                   )
      **COUNTY OF FRANKLIN** )

Now comes Defendant, INTELCOM, INC. through its President, Kassi E. Tchankpa, being first duly cautioned and sworn, and states the following:

1.    I am the President of INTELCOM, INC.;
2.    The answers contained in the above case are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT,

*[signature]*
Kassi E. Tchankpa

SWORN TO AND SUBSCRIBED IN MY PRESENCE THIS

____04th____ DAY OF ~~JULY~~ August 2008

*[notary signature]*
NOTARY PUBLIC

[Notary Seal: CHRISTINA [illegible], Notary Public, State of Ohio, My Commission Expires July 18, 2012]

## CERTIFICATE OF SERVICE:

I hereby certify that a true copy of the foregoing was served by US express mail, postage prepaid, upon the Plaintiff's Counsels, Robert N. Phillips and Yuka Sugar, at 525 Market Street, Suite 3600, San Francisco, California 94104, this 4th day of August 2008.

*/s/ Kassi Tchankpa*
Kassi Tchankpa
President
INTELCOM, INC.
1335 Dublin Road, Suite 210-A
Columbus, Ohio 43215