United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION, | No. C 08-2334 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS and GRANTING COUNSEL'S MOTION TO WITHDRAW** |
| v. | |
| INTELCOM, INC., | |
| Defendant. / | |

On May 22, 2009, the Court heard oral argument on plaintiff's motion for sanctions and defense counsel's motion to withdraw. Defendant appeared through counsel, who filed a brief stating that a conflict of interest prevented him from preparing a substantive opposition to plaintiff's motion for sanctions. [Docket No. 61] Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court rules as follows.

**DISCUSSION**

The progress of this case has not been smooth. Defendant Intelcom, Inc., a corporation evidently headquartered in Columbus, Ohio, was sued by plaintiff Intel Corporation on May 6, 2008. The docket reflects that defendant was served with the summons and complaint on June 13, 2008. [Docket No. 8] On June 30, 2008, it filed a response signed by its president, Kassi Tchankpa. The Court noted in an order dated August 12, 2008 that Mr. Tchankpa did not appear to be a lawyer and is not a member of the bar of this court. The Court therefore granted plaintiff's motion to strike defendant's responsive pleading and ordered defendant to appear through counsel. [Docket No. 18] After seeking a one-month continuance, defendant retained counsel and answered the complaint on September 19, 2008.

Defendant's lawyer subsequently filed a motion to withdraw as counsel, which was mooted when Andrew Dosa substituted as defense counsel on January 22, 2009. On April 13, 2009, Mr. Dosa filed a motion to withdraw as counsel, citing irreconcilable differences with his client. [Docket No. 56]

Meanwhile, defendant has not complied with its discovery obligations. Plaintiff has made multiple requests for defendant to complete its document production. *See* Decl. of Robert N. Phillips in Supp. of Pl. Mot. for Sanctions ("Phillips Decl.") ¶ 4 and exs. D-K. At a status conference on February 27, 2009, the Court directed the parties to exchange documents and conduct depositions before a March 26 mediation. [Docket No. 49] Defendant did not go forward with the mediation and did not produce any documents or interrogatory responses. Phillips Decl. ¶ 6, 7. After a second status conference, the Court issued a revised pretrial order that specifically ordered defendant to produce discovery by March 31, 2009. [Docket No. 54] Defendant did not produce any discovery by the March 31 deadline. Phillips Decl. ¶ 10. Plaintiff now seeks an order (1) imposing sanctions of $16,353[1] for attorneys' fees incurred as a result of defendant's failure to comply with discovery requests, (2) compelling outstanding discovery and (3) notifying defendant that failure to comply with this order will result in terminating sanctions.

The Court finds that defendant has failed to comply with its discovery obligations in violation of the Federal Rules of Civil Procedure and two orders of this Court. Accordingly, sanctions are warranted. *See* Fed. R. Civ. Pro. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part."). In addition to, or instead of, the sanctions set forth in subsection A, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Pro. 37(b)(2)(C). The Court finds that no circumstances would make an award or expenses unjust and that defendant has provided no justification for its failure to comply with its discovery obligations.

The outstanding discovery requested by plaintiff consists of :

---

[1] Plaintiff's counsel has provided a declaration detailing how these fees were calculated. *See* Phillips Decl. ¶ 13.

2

- Request for production No. 8 (financial statements)
- Request for production No. 9 (customer lists)
- Request for production No. 12 (expansion plans)
- Request for production No. 14 (communications intended for Intel)
- Request for production No. 18 (documents relating to www.intelcomusa.com)
- Request for production No. 21 (Intel's objections)
- Request for production No. 22 (contracts with telecommunications carriers and service companies)
- Request for production No. 23 (customer complaints)
- Request for production No. 24 (customer service records)
- Request for production No. 25 (business and marketing plans)
- Interrogatory No. 3

*See* Phillips Decl. exs A, B.

Accordingly, the Court orders as follows:

1. Defendant shall produce the foregoing discovery by **June 5, 2009**;

2. Defendant shall pay plaintiff $16,292[2] in attorneys' fees by **June 5, 2009** (the Court emphasizes that this sanction is imposed on defendant and not on Mr. Dosa);

3. Mr. Dosa's motion to withdraw is GRANTED, effective **June 16, 2009**. Defendant shall retain other counsel before June 16, 2009. Defendant is again advised that, pursuant Civil Local Rule 3-9, "a corporation, unincorporated association, partnership or other such entity **may appear only through a member of the bar of this Court**" (emphasis supplied).

If defendant does not comply with the foregoing orders concerning discovery, sanctions, and retention of counsel, the Court will entertain a request from plaintiff for terminating sanctions.

**IT IS SO ORDERED.**

Dated: May 22, 2009

SUSAN ILLSTON
United States District Judge

---

[2] This sum is slightly less than plaintiff requested. There appears to be an addition discrepancy in plaintiff's declaration.

3