IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTEL CORP,

          Plaintiff,
   v.

INTELCOM, INC.,

          Defendant.
                               /

No. C 08-02334 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS**

On September 18, 2009, the Court heard oral argument on plaintiff's motion for terminating sanctions. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion for terminating sanctions.

**DISCUSSION**

Plaintiff Intel Corporation sued corporate defendant Intelcom, Inc. on May 6, 2008, alleging trademark violations. After defendant disregarded Court orders directing it to retain counsel, and failed to comply with its discovery obligations, the Court granted plaintiff's motion for monetary sanctions – consisting of attorneys' fees and costs – against defendant. Defendant was ordered to pay sanctions in the amount of $16,292. The Court's order warned defendant of the risk of terminating sanctions if defendant continued to fail to comply with the Court's orders. *See* May 22, 2009 Order (Docket No. 62).

As of August 14, 2009, defendant had not yet retained counsel, had not paid the monetary sanctions ordered by the Court, and had not complied in full with its discovery obligations. *See* Phillips Decl. ¶¶ 6-11 (Docket No. 74). Plaintiff filed a motion for terminating sanctions in the form of a default judgment granting plaintiff a permanent injunction barring defendant from using the Intelcom trade

name and trademark and the www.intelcomusa.com domain name. On September 15, 2009, three days before the hearing on plaintiff's motion was set to take place, defendant finally filed a notice of appearance by new counsel, Thomas Cohen. Mr. Cohen appeared at the September 18 hearing on defendant's behalf. At that hearing, the Court informed the parties that it intended to grant plaintiff's motion for terminating sanctions and enter a default judgment against defendant if defendant failed to pay the previously-ordered monetary sanctions by October 9, 2009. The parties were directed to inform the Court by October 13, 2009 whether payment was made. On that date, plaintiff's counsel informed the Court that defendant had failed to make payment as ordered by the Court. Defendant concedes the fact that it failed to pay the required sanctions.

Under Federal Rule of Civil Procedure 37, district courts have the discretion to impose a broad range of sanctions when a party has failed to comply with the rules of discovery or with court orders enforcing those rules. Fed. R. Civ. P. 37(b)(2)(A); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The court may order that the action be dismissed "where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle*, 709 F.2d at 589.

The Court finds that defendant has failed to comply with its discovery obligations in violation of the Federal Rules of Civil Procedure and multiple orders of this Court, including the Court's May 22, 2009 Order directing defendant to pay sanctions to plaintiff for its noncompliance during the discovery process. The Court further finds that the only reasonable inference to be drawn from defendant's conduct is that defendant's noncompliance is willful. To this date, defendant has not made a complete production of documents, nor paid the monetary sanctions ordered by the Court.

Accordingly, the Court hereby GRANTS plaintiff's motion for terminating sanctions and for a default judgment. (Docket Nos. 73, 88). The Court adopts plaintiff's amended proposed judgment and orders that judgment be entered in plaintiff's favor according to the terms proposed, except that the Court grants defendant 60 days from the date the judgment is entered to submit a written report setting forth the manner in which it has complied with the terms of the judgment.

**IT IS SO ORDERED.**

Dated: October 21, 2009

SUSAN ILLSTON
United States District Judge

2